UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DEXTER ROBINSON,
a/k/a DEXTER MURRAY,

                Petitioner,                **MEMORANDUM AND ORDER**

    -against-                                    11-CV- 0086 (KAM)

JUDGE MICHAEL L. PESCE and
THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

                Respondents.
-------------------------------------------------------x
MATSUMOTO, United States District Judge:

        Petitioner Dexter Robinson, a/k/a Dexter Murray,[1] who is currently incarcerated in Attica Correctional Facility, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF. No. 1, Pet.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial review of this petition and, for the reason set forth below, determined that the court lacks jurisdiction over this petition. *See* 28 U.S.C. foll. Sec. 2254.

        Title 28 of the United States Code section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction.

---

[1] Although the caption of the petition names Dexter Robinson, petitioner signs the petition as Dexter Murray. (ECF. No. 1, Pet. at 16.) All of petitioner's prior convictions and court filings are in the name of Dexter Murray, the name under which he is incarcerated. *See* http://nysdocslookup.docs.state.ny.us/ (last visited Feb. 15, 2011).

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a). *Maleng*, 490 U.S. at 492.

Here, petitioner challenges a conviction entered in Kings County on April 12, 1984, under Indictment No. 3557/83. (*See* ECF. No. 1 Pet. at 1.) He was re-sentenced on January 14, 1986 to an indeterminate term of 2 to 6 years imprisonment and five years probation. (*Id.*) That sentence fully expired long before he filed this petition. On January 3, 1986 and June 19, 1986, petitioner was convicted of additional crimes, under Indictment No. 4302/84, No. 911/85, and No. 927/85. *See People v. Murray*, 169 A.D.2d 843, 843, 565 N.Y.S.2d 212, 213 (2d Dep't 1991). He is currently serving an indeterminate sentence of 20 years and 6 months to 41 years imprisonment on those convictions. *See* N.Y. Department of Correctional Services, Inmate Information, http://nysdocslookup.docs.state.ny.us (last visited Feb. 15, 2011).

At the time petitioner filed this petition challenging his 1984 conviction under Indictment No. 3557/83, he was no longer in custody pursuant to that judgment. As petitioner failed to satisfy the "in custody" requirement, this court lacks jurisdiction over the pending petition. The instant petition for a writ of habeas corpus is therefore dismissed. *See, e.g., Coleman v. Arpaio*, No. 09-CV-5689, 2010 WL 1005874, at *1, 3 (E.D.N.Y. Mar. 16, 2010) (dismissing habeas petition where petitioner stated he had completed serving his sentence for the conviction that he was challenging in his habeas petition.)

A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United*

*States,* 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to send a copy of this Memorandum and Order to the petitioner, note the service in the docket, enter a judgment of dismissal and to close the case.

**SO ORDERED.**

Dated: February 15, 2011
      Brooklyn, New York

/Signed by Judge Matsumoto/

KIYO A. MATSUMOTO
United States District Judge